UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Timothy J. Sorrendino,

                                Plaintiff,

    -v.-                                           5:06-CV-00101 (NPM)

Commissioner of Social Security,

                                Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Olinsky & Shurtliff, LLP<br>300 S. State Street<br>5th Floor<br>Syracuse, NY 13202 | Jaya A. Shurtliff |
| FOR THE DEFENDANT: | |
| Glenn T. Suddaby<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | William H. Pease, AUSA |
| Barbara L. Spivak<br>Office of the General Counsel<br>Social Security Administration<br>Baltimore, MD 21235 | Margaret A. Donaghy,<br>Assistant Regional Counsel |

Neal P. McCurn, Senior District Judge

**Memorandum, Decision and Order**

## I. Introduction

By this action, plaintiff Timothy J. Sorrendino timely seeks judicial review of a final decision by defendant, Commissioner of the Social Security Administration ("the Commissioner"), denying his application for Social Security Disability and Supplemental Security Income ("SSI") benefits for lack of disability, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Presently before the court are motions for judgment on the pleadings by both parties pursuant to Fed. R.Civ. P. 12(c). Plaintiff seeks an order vacating the Commissioner's decision and remanding the matter to the Social Security Administration ("SSA"), directing a finding of disability for the sole purpose of calculation of benefits. Alternatively, plaintiff seeks an order remanding the matter to SSA for further administrative proceedings. Defendant opposes, and seeks an order affirming its decision. The parties have filed their respective briefs, including the Administrative Record on Appeal, and the matter has been submitted and considered without oral argument. For the reasons set forth below, the court affirms the Commissioner's decision in part, and reverses in part, remanding the case for further administrative proceedings.

## II. Procedural Background

Plaintiff initially applied for Social Security Disability and SSI on October 20, 2003. The application was denied, and plaintiff timely requested a hearing, which was held before an Administrative Law Judge ("ALJ") on October 7, 2004. The ALJ decided on July 12, 2005 that plaintiff was not disabled, which became the final decision of the Commissioner on December 3, 2005, when the Appeals Council denied plaintiff's request for review.

## III. Contentions

In support of his motion, Sorrendino contends the following:

>    (1) The ALJ did not meet his duty to develop the record pursuant to 20 C.F.R. § 404.1512 when he failed to recontact any treating physician to obtain specific limitations of function.
>    (2) The ALJ erred when he found Sorrendino's impairments were not of the severity that meets Listing 1.04.
>    (3) The ALJ's RFC evaluation does not comply with SSR 96-8p [and] SSR 96-9p, and his RFC determination is not supported by substantial evidence.
>    (4) The ALJ erred at step [five] when he used the Medical-Vocational Rules to direct a finding of not disabled, where Sorrendino suffers from non-exertional impairments that cause significant limitations of function in addition to those resulting from his exertional impairments alone.
>    (5) The ALJ's credibility analysis did not conform to SSR 96-7p and 20 C.F.R. § 404.1529.

Pl.'s Mem. of Law at 15, 18, 19, 22 & 23, Dkt. No. 7.

## IV.  Factual Background

Because the evidence in this case is uncontroverted in all material respects, the court adopts the factual recitations set forth in the parties' briefs. See Pl.'s Mem. of Law, Dkt. No. 7; Def.'s Mem. of Law, Dkt. No. 8.

## V.  Discussion

This court does not review a final decision of the Commissioner *de novo*, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citation omitted). See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004). "Substantial evidence" is evidence that amounts to "more than a mere scintilla. It means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)). "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-445 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  When reviewing a determination by the Commissioner, a district court, in its discretion, "shall [...] enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner [...], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). See also 42 U.S.C. § 1383(c)(3). See also Butts, 388 F.3d at 385.

   An individual is "disabled" for purposes of his or her eligibility for Social Security Disability and SSI if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). The Commissioner may deem an individual applicant for Social Security Disability or SSI to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

SSA regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for Social Security Disability or SSI is disabled pursuant to the aforementioned statutory definition. See 20 C.F.R. §§ 404.1520, 416.920.  The Second Circuit Court of Appeals aptly summarizes this process as follows:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work. Finally, if the claimant is unable to perform her past relevant work, the Secretary determines whether the claimant is capable of performing any other work. If the claimant satisfies her burden of proving the requirements in the first four steps, the burden then shifts to the Secretary to prove in the fifth step that the claimant is capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

Here, the Administrative Law Judge (ALJ) found that Sorrendino was not employed at any time since his disability onset date, and that he had a "severe impairment."  The ALJ next found that Sorrendino's impairment was not listed in

Appendix 1 of the regulations.  See 20 C.F.R. Pt. 404, Subpt. P, App.1.  Finally, the ALJ concluded that while Sorrendino was not able to perform his past relevant work, he was able to perform the full range of sedentary work, and thus is not disabled within the meaning of the Social Security Act.  Sorrendino disputes both the finding that his impairment is not listed in Appendix 1 of the regulations, and that he is able to perform the full range of sedentary work.

Sorrendino argues that his impairment meets the following definition, set forth in Listing 1.04A:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1.  As it is Sorrendino's burden to establish that his impairment meets the aforesaid definition, he cites to the record in support of his contentions that he suffers from "severe neuroforaminal stenosis bilaterally;" pain, which radiates down his left leg and back; decreased range of motion; weakened motor strength; sensory and reflex loss; and pain with straight leg raises.  The record does reflect that Sorrendino underwent surgery in January 2004 to treat nerve root compression, a fact that the Commissioner does not appear to dispute.  Tr. 206.  Further, the record reflects that Sorrendino experienced limited

5

range of motion of the spine. Tr. 172, 293, 313. However, the record does not support a finding that Sorrendino suffered motor loss, Tr. 172, 293, 313, nor that same was accompanied by sensory or reflex loss, 172. Finally, according to the record, Sorrendino's straight-leg raising test was negative on several occasions. Tr. 172, 193, 285, 293. Sorrendino must experience *each* of the symptoms set forth in subparagraph A above in order that his impairment be deemed to meet the definition set forth therein. The substantial weight of evidence supports a finding to the contrary. Therefore, the ALJ's conclusion at step three, that Sorrendino does not have an impairment which meets the definition in Appendix 1 of the regulations, is affirmed.

Sorrendino also disputes the Commissioner's conclusion at step five of the sequential evaluation process, for which she bears the burden of proof, that he is able to perform the full range of sedentary work, and is therefore not disabled within the meaning of the Social Security Act.

"At step five the burden shifts to the Commissioner to show there is other gainful work in the national economy [which] the claimant could perform." Butts, 388 F.3d at 383 (quoting Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998) (internal quotation marks and citation omitted)). Here, the ALJ concluded that Sorrendino "can perform the demands of the full range of sedentary work[.]" Tr. 22. Sorrendino argues that (1) the ALJ failed to develop the record in order to obtain a treating source opinion as to his residual functional capacity (RFC); (2) the ALJ's RFC evaluation was not supported by substantial evidence and was inconsistent with the law; (3) the ALJ erred at step five when he used the Medical-Vocational Rules to direct a finding of not disabled, where Sorrendino suffers from non-exertional impairments that cause significant limitations of function in

6

addition to those resulting from his exertional impairments alone; and (4) the ALJ's credibility analysis was inconsistent with Social Security Rule 96-7p as well as 20 C.F.R. § 404.1529.

"Residual functional capacity" (RFC) is defined as "what an individual can do despite his or her functional limitations and restrictions caused by his or her medically determinable physical or mental impairments." Social Security Ruling 96-9p, 61 Fed. Reg. 34478-01 (July 2, 1996). RFC is assessed "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' – i.e., opinions about what the individual can do despite a severe impairment(s) – submitted by an individual's treating source(s) or other acceptable medical source." Id.

Here, the ALJ found that Sorrendino "retains the residual functional capacity for at least a full range of sedentary work with normal breaks being sufficient." Tr. 20. In support of this conclusion, the ALJ relied on evidence from, among others, Sorrendino's physical therapist, Stacy Griffith, and Dr. Kalyani Ganesh. Sedentary work is defined as work which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). Further, while "a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Id. Social Security Policy Rules define "occasionally" to mean "generally [. . . ] no more than about 2 hours of an 8 hour workday." Social Security Ruling 96-9p, 61 Fed. Reg. 34478-01 (July 2, 1996). In a sedentary work environment, "[s]itting would generally total about 6 hours of an 8-hour workday." Id. Where

7

an individual must periodically alternate between sitting and standing, "[t]he RFC assessment must be *specific* as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work." Id. (emphasis added). Moreover, the Second Circuit has indicated that "alternating between sitting and standing may not be within the concept of sedentary work," Polidoro v. Apfel, No. 98-Civ.-2071, 1999 WL 203350, at *5 (S.D.N.Y. April 12, 1999) (quoting Ferraris, 728 F.2d at 587), such that where an individual must get up and stand or walk after periods of sitting, some district courts have reversed a finding of "not disabled", see Polidoro, at *5 (citations omitted), or where the evidence of record lacks specificity as to the individual's abilities, some courts have remanded for further findings as to same, see Rosario v. Sullivan, 875 F.Supp. 142, 148 (E.D.N.Y. 1995).

The results of the Functional Capacity Evaluation (FCE) performed by Sorrendino's physical therapist on August 23, 2004 do not reflect a need to alternate between sitting and standing, and conclude that Sorrendino is capable of performing light work. Tr. 288. The FCE report further reflects the physical therapist's opinion that Sorrendino could lift ten pounds, and that he was occasionally able to sit, stand and walk. Tr. 240. Approximately six months later, Dr. Ganesh performed a consultative examination of Sorrendino at the request of the Division of Disability Determination. Tr. 291. She concluded that, among other things, Sorrendino "must periodically alternate between sitting and standing to relieve pain or discomfort." Tr. 295. Dr. Ganesh further noted that Sorrendino can frequently lift ten pounds and can stand and/or walk at least two hours in an

8

eight hour workday.  Tr. 294-95.

At the hearing, vocational expert David Festa testified that the exertional level for Sorrendino's past construction work was heavy, and the exertional level for his sales work was light.  Tr. 346-347.  After this testimony, the ALJ stated, "I really don't have a good RFC from the treating [inaudible] or consultative source."  Tr. 348.  Further, the ALJ commented that "in order for me to be totally fair, I need to know what the current residual functional capacity would be."  Id.  Sorrendino's attorney agreed to provide a current RFC, and the ALJ stated that he would keep the record open until he received same.  Tr. 348-349.

It is true that "an ALJ confronted with an incomplete record must seek out additional information *sua sponte*, even where the claimant is represented by counsel[.]"  Tornatore v. Barnhart, No. 05-Civ.-6858, 2006 WL 3714649, at *3 (S.D.N.Y. Dec. 12, 2006) (quoting Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999)).  Social Security regulations require that an ALJ seek out additional information when the evidence before him "is inadequate . . . to determine whether [the claimant] is disabled."  20 C.F.R. § 404.1512(e).  Here, the record indicates that Sorrendino must alternate between standing and sitting during the workday, but lacks specificity as to same.  Clearly this is inconsistent with the ALJ's conclusion that Sorrendino can perform the full range of sedentary work.  As such, that part of the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further findings regarding plaintiff's RFC.

Plaintiff also contends that the ALJ erred when he used Medical-Vocational Rule 201.22 to direct a finding of not disabled because plaintiff claims he suffers from non-exertional impairments which would require a finding of disabled pursuant to Medical-Vocational Rule 201.00(h)(3).  As the Commissioner

9

indicates, Rule 201.22 would require a finding of not disabled in a situation where a younger individual with a high school education and transferrable skills is capable of performing sedentary work. Because the court is remanding this case for further adjudication regarding the issue of whether Sorrendino may perform the full range of sedentary work, likewise the ALJ must revisit his decision as to the appropriate Medical-Vocational Rules to apply in when reaching his determination as to whether or not Sorrendino is disabled.

Finally, plaintiff contends the ALJ erred in failing to conform to Social Security Ruling 96-7p and 20 C.F.R. § 404.1529 when he determined that Sorrendino was only partially credible. Pursuant to Social Security Ruling 96-7p as well as section 404.1529(c) of the regulations, the ALJ, in evaluating an individual's symptoms, such as pain, shall consider the following factors:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his back or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the

>                           individual's functional limitations and
>                           restrictions due to pain or other symptoms.

Social Security Ruling 96-7p, 61 Fed. Reg. 34483-01 (July 2, 1996).  <u>See also</u> 20 C.F.R. § 404.1529(c).  Plaintiff contends that here, the ALJ merely evaluated the evidence as to plaintiff's daily activities, and did not address the remaining above enumerated factors.  The ALJ found that "while the claimant may well experience some pain and discomfort in light of his herniated disc and status post laminectomy and lower back pain[,] this pain is not a totally debilitating factor."  Tr. 20.  In so finding, the ALJ determined that Sorrendino is only partially credible in that his testimony regarding his daily activities is inconsistent with his prior statements to his physical therapist as well as the FCE assessment.  Tr. 20.  In addition, the ALJ thoroughly considered reports of Sorrendino's treating physicians as well as his physical therapists regarding the location, duration, frequency, and intensity Sorrendino's pain, as well as treatments, including medications, Sorrendino was receiving to alleviate said pain.  Tr. 17-20.  Therefore, the ALJ clearly followed the applicable rules and regulations in determining that Sorrendino is partially credible, and his decision regarding same is affirmed.

## VI.  Conclusion

For the reasons set forth above it is hereby ORDERED that the case be REMANDED pursuant to 42 U.S.C. § 405(g) for further administrative proceedings to determine the plaintiff's residual functional capacity consistent with this opinion; and it is further

ORDERED that the Commissioner's determinations that (1) plaintiff's impairment does not meet the definition of an impairment listed in Appendix 1 of

11

the regulations, and (2) plaintiff is partially credible in his statements regarding his symptoms, including pain, are hereby AFFIRMED.

IT IS SO ORDERED.

DATED:     February 13, 2007
           Syracuse, New York

                              _____
                              Neal P. McCurn
                              Senior U.S. District Judge